UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
_____

LATISHA BARNES

      Plaintiff,

  -against-                                 **COMPLAINT**

                                                (Jury Trial Demanded)

THE CITY OF NEW YORK, a Municipal
Entity, WILLIAM J. BRATTON, Commissioner
of the NEW YORK CITY POLICE DEPARTMENT    15-CV-9305
POLICE OFFICERS "JOHN DOES" and
"SALLY ROES", individually and in their official
capacities,

      Defendants
_____

      Latisha Barnes, by her attorney, Poupa Jenny Marashi, Esq., for her Complaint, alleges as follows:

### I. PRELIMINARY STATEMENT

  1.  This is an action against the Defendant parties, for the violation of the Plaintiff's federally guaranteed constitutional and civil rights and her rights as otherwise guaranteed under the laws and Constitution of the State of New York. Plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of costs and attorney's fees, and such other and further relief as this court deems equitable and just.

  2.  This case arises out of the wrongful and unlawful arrest of the Plaintiff, Latisha Barnes, on or around January 23, 2014, June 14, 2014 and October 19, 2014, and other possible dates that are yet

undetermined/unspecified, and for her wrongful and unlawful detention and incarceration stemming from an erroneous warrant. Plaintiff was in custody for a total period of time exceeding 24 hours, on or around January 23, 2014, June 14, 2014, and October 19, 2014, including possibly several different occasions, and each time, she was released either directly at the precinct, or from Bronx Central Booking. Each time, either a subsequent Supervising Police Officer at the Precinct, or at Central Booking, among other places, would state there was no warrant for her. She was free to go. Only to again, be arrested by Officers in the 40th Precinct for the same erroneous warrant. She suffered substantial and permanent injuries while wrongfully incarcerated, as a result of such false arrest.

## II. JURISDICTION

3. Jurisdiction of this Court is invoked pursuant to and under 28 U.S.C. Sections 1331 and 1343 [3] and [4] in conjunction with the Civil Rights Act of 1871, 42 U.S.C. Section 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

4. Jurisdiction is also invoked pursuant to and under 28 U.S.C. Section 1367, entitled Supplemental Pendent Party and Pendent Claim Jurisdiction.

5. The pendent party and pendent State law claims have a common nucleus of operative fact with the federally based claims and they arise out of the same transaction and occurrence giving rise to the Plaintiff's federally based claims and causes of action.

6. The Plaintiff also invokes the jurisdiction of this Court in conjunction with the Declaratory Judgment Act, 28 U.S.C. Sections 2201, et seq., this being an action in which the Plaintiff, while seeking monetary damages, also seeks declaratory and injunctive relief if such is deemed

necessary and desirable and in the interest of justice.

### III. VENUE

7. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c).

### IV. PARTIES

8. The Plaintiff is a citizen and resident of the City of New York, the County of the Bronx, and the State of New York.

9. The Defendant City of New York is a municipal entity existing pursuant to and under the laws and Constitution of the State of New York.

10. Defendant William J. Bratton is the Police Commissioner for the the City of New York, with supervisory authority over all officers and operations of the NYPD, including responsibility for training, recruiting and managing all NYPD officers. He is sued in his official capacity.

11. Defendants "John Does" and "Sally Roes" are New York City Police Officers, supervisors and otherwise, who were involved in the arrest and detention and imprisonment and denial of necessary medical care for Ms. Barnes' serious medical needs, as well as all of the action and conduct associated therewith, including, wrongfully detaining Ms. Barnes without good faith, reasonable suspicion, probable cause, or legal justification, and denying Ms. Barnes the proper medical treatment. These defendants include individuals who assisted, conspired to, acted in concert, and/or did engage in the violations of Ms. Barnes' constitutional rights described herein.

12. All of the Defendant Police Officers are sued in their individual and official capacities.

13. Notwithstanding the wrongful and illegal nature of their acts and conduct as hereinafter

described, they were taken in and during the course of their duties and functions as employees and agents of the City of New York and incidental to the otherwise lawful performance of the same.

### V. ALLEGATIONS

14. The Plaintiff is Latisha Barnes, and African-American woman.

15. The Plaintiff is thirty-four years of age.

16. The Plaintiff was born February 1981.

17. The Plaintiff is a Construction Worker.

18. The Plaintiff has two daughters under the age of 18.

19. The Plaintiff resides at 415 East 157th St. #3E, Bronx, NY 10451. City of New York, the County of the Bronx, the State of New York.

20. Plaintiff has, several times in the past few years, been picked up on a warrant that does not, in fact, exist and been taken to jail, or Central Booking, and perhaps to Bronx County Criminal Court, only to be released with a statement that a warrant does not, in fact, exist.

21. This situation has arisen in several contexts. On or around January 23, 2014, Plaintiff was hosting a party for her friend at her apartment, when Officers from the 40th Precinct came to her door.

22. Although Officers did not have a warrant for Plaintiff, nor was Plaintiff engaged in any wrongdoing, nor was there any probable cause to arrest Plaintiff, she was taken to the precinct for an undetermined amount of time.

23. Officers claimed that she had a warrant for her arrest when they looked her up in their

Local Area Network. Ms. Barnes maintained that there was no such active warrant. She requested they double check, or check another system. When she was released, hours later, Plaintiff was told that there was, in fact, no valid warrant.

24. Plaintiff went to the Bronx Criminal Court Clerk's Officer to try to clear any warrant. She was told that there was no warrant for her in their system.

25. Plaintiff tried to find a contact number on line in which to protest the warrant. The number available on-line, 718-217-8484, on the NYPD and 311 website is not a working number.

26. Plaintiff was constantly in fear of being stopped by NYPD officers, knowing that she allegedly has a warrant but that she cannot get out of the system through any procedure that she had been able to find.

27. It is likely that from January 23, 2014-June 14, 2014, Plaintiff was again stopped several times by Police Officers from the 40th Precinct, and told she has a "hit" for a warrant for her arrest. Again, after a few minutes to a few hours of detention at the precinct or Bronx Central Booking, Plaintiff was told there was no warrant, and she was then released. Plaintiff was very upset and fearful and could not understand why she could not get "rid" of this non-existent warrant.

28. On June 14, 2014 Plaintiff was again stopped while she was walking with a friend. Defendant Officers John Does asked for Plaintiff's ID. When she provided her ID to Defendants Officers she cautioned that it may show a hit for an arrest warrant, but to ignore it, or to talk to a colleague of theirs at the Precinct, because she had already endured this nightmare several times.

29. Plaintiff told Defendant Officers it was a mistake. She explained she had been arrested

before, for that same warrant, which is erroneous and does not, in fact, exist. That when they "check with Albany" they will see she does not have a warrant. That she had already wrongfully spent time in jail. That she had subsequently been released. That when she went to the Clerk's office she was told there was no warrant for her in the system. That she had tried to call a non-working number to clear it up.

30. Defendant John Doe Officers maintained there was an arrest warrant for her in the system, and she had to be arrested, according to such warrant.

31. At any time, during the course of arrest, had Defendant John Doe Officers checked the Criminal Record Information and Management System (C.R.I.M.S.), as deemed, essential in the determination of a warrant, "MUST conduct a further inquiry via C.R.I.M.S." which will provide 'the last status of the warrant'." (from NYPD Patrol Guide 208-22:10) they would have seen that there was no valid warrant for Latisha Barnes.

32. Even though several supervisory Officers knew that Ms. Barnes did not actually have a warrant, they did not take any action to make sure the false hit would be removed from their Local Area Network.

33. Plaintiff was searched.

34. Nothing illegal was found on the Plaintiff.

35. Plaintiff was handcuffed very tightly despite her claims that she had recently been in an automobile accident. That as a result of previous injuries, including a dislocated shoulder, she had severe pain.

36. Plaintiff was placed in the police vehicle.

37. Plaintiff was taken to the 40th precinct.

38. Plaintiff, again, tried to explain to several officers at the 40th Precinct that the warrant search resulted in a mistaken hit, and to please check it again, or to do something. Officers laughed at her and told her, "Yeah, that is what everybody says."

39. Plaintiff was frightened about not getting out and going home to take care of her daughters who would need her.  She was worried she would be held indefinitely.  Plaintiff was frightened and confused about the warrant, whether it existed, or did not exist. Why the Police Officers were telling her they see it, and then telling her it's not there.   Was she missing or imagining something? Plaintiff felt like she was in a never ending nightmare, and could not fix the problem with the warrant no matter what she tried to do.

40. Plaintiff had a dislocated shoulder which was badly aggravated by the tight behind the back handcuffing, and was in much pain.  Plaintiff was having difficulty breathing properly as she was very scared and anxious. Plaintiff had chest pain.  She explained her symptoms to the Officers at the Precinct, and requested medical attention several times.  She was denied and ignored.  She sat in her cell experiencing severe anxiety afraid she was going to stop breathing, and in excruciating pain.  Despite repeated attempts for medical assistance, she was ignored and desperate.

41. Amidst such excruciating anxiety and pain, plaintiff hung herself in her cell at the 40th Precinct.  At some time thereafter she was found and taken to Lincoln Hospital.  She spent approximately four days at Lincoln Hospital.  From the hospital, Ms. Barnes was released to go home, because there was no warrant, in fact, for Ms. Barnes, and no reason for her to have been

arrested. Since the incident at the precinct, Ms. Barnes has suffered severe memory loss, black outs, headaches, amongst other health issues. They have severely impaired her ability to function.

42. The arresting officer, nor any of the supervisors or other officers at the precinct bothered to check the C.R.I.M.S. system. Even though several supervisory Officers knew that Ms. Barnes did not actually have a warrant, she was still arrested and taken to the 40th precinct, on more than one occasion.

43. Plaintiff is extremely scared and stressed that she may be rearrested.

44. Plaintiff had pleaded, in substance, to the Officers that the Officers were being deliberately indifferent to the truth of what she was saying and to her request for a minimal further inquiry which would totally "exonerate" her.

45. The Defendants knew that the information, which they possessed at the time that they arrested the Plaintiff, was untrustworthy.

46. There was no objectively reasonable probable cause basis for the described custodial arrest of the Plaintiff.

47. The arrest of the Plaintiff was made out of convenience and as a consequence of the reckless and deliberately indifferent warrant search system of Defendant New York City Police Department.

48. The Plaintiff was unlawfully arrested since there was absolutely no basis for her custodial arrest given that there was an insufficiently trustworthy and invalid warrant on an insufficiently trustworthy Computer System, believed to be the Local Area Network (LAN) system which to

arrest the Plaintiff.

49. The Plaintiff was subjected to a false arrest and an unlawful custodial detention and imprisonment.

50. But for the Defendants Police Officer "John Does" and "Sally Rowes" intentional and/or deliberate and reckless disregard of the facts and/or their failure to properly follow conduct required by the NYPD Patrol Guide and undertake further minimal inquiries and investigation, which would have placed no one at risk and would not have otherwise interfered with the law enforcement mission and in fact would have advanced the law enforcement mission, the Plaintiff would not have been subjected to the unreasonable, probable cause lacking false arrest and imprisonment.

51. While the actions and conduct of the New York City Police Officers were unlawful they were taken in the course of their duties and functions and incidental to the otherwise lawful performance of those duties and functions as New York City Police Officers and as agents and employees of the City of New York. The Officers involved in the described reckless and deliberately indifferent investigation, arrest and prosecution include, among others, Defendant Officers "John Does", "Sally Roes".

52. Defendants City of New York, and Commissioner Bratton, but for their conduct in failing to remedy the wrongs committed by their subordinates and in failing to properly train, supervise, or discipline their subordinates, supervisory defendants caused damage and injury in violation of plaintiffs' rights guaranteed under 42 U.S.C. §1983 and the United States Constitution, including the Fourth, and Fourteenth amendments.

9

53. The actions, conduct, policies, and practices and customs herein described violated the Plaintiff's rights as guaranteed under the Fourth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

54. The actions, conduct, policies and practices, and customs violated the Plaintiff's rights under the laws and Constitution of the State of New York including subjecting Plaintiff to false arrest and imprisonment.

55. The actions, conduct, policies and practices and customs were negligent and otherwise the proximate cause of the injuries and damages suffered by the Plaintiff.

56. The Plaintiff suffered injuries and damages including loss of liberty, fear, anxiety, mental distress, emotional anguish, loss of memory, dizziness, and psychological trauma, and embarrassment, and humiliation, and physical pain and suffering.

57. The Plaintiff has no other adequate remedy at law to obtain redress for what she claims to have been the violation of her rights other than for the instant litigation.

## VI.  CAUSES OF ACTION

### A.  FIRST CAUSE OF ACTION

58. The above paragraphs are here incorporated by reference.

59. Plaintiff Latisha Barnes was falsely arrested and falsely imprisoned and detained in violation of her rights as guaranteed under the Fourth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

60. Plaintiff suffered injuries and damages.

### B. SECOND CAUSE OF ACTION

61. The above paragraphs are here incorporated by reference.

62. The Defendants acted in a reckless and deliberate indifferent manner and fashion in order to achieve the collateral purpose of making an arrest on a warrant, but without the requisite objectively reasonable trustworthy evidence to justify the arrest of the Plaintiff.

63. In other words, the Defendants engaged in a reckless and deliberately indifferent investigation of the warrant for their own convenience and in order to achieve their own end rather than to achieve the legitimate law enforcement mission of solving an alleged crime or to determine whether a crime even took place, or that there was a valid warrant for the arrest.

64. Plaintiff suffered injuries and damages.

### C. THIRD CAUSE OF ACTION

65. The above paragraphs are here incorporated by reference.

66. By the actions and omissions described above, Defendants violated 42 U.S.C. § 1983, depriving Plaintiff of the following well-settled constitutional rights that are protected by the Eighth and Fourteenth Amendments to the U.S. Constitution:

    a.    Plaintiff's substantive due process right as a pretrial detainee under the Fourteenth Amendment to be provided care for serious medical needs and/or to not have officials remain and/or act deliberately indifferent to Plaintiff's serious medical needs; Defendants did deny and/or delay Plaintiff's access to treatment

67. The failure to intervene, prevent, or stop the violations on the part of any to be named John Doe Defendants, and/or supervisors that were in a position to do so when such violations occurred renders such Defendant(s) liable for these violations.

68.  As a proximate result of the foregoing violations, Plaintiff Latisha Barnes sustained injuries and damages. Plaintiffs is, therefore, entitled to damages pursuant to 42 U.S.C. § 1983, et seq.

### D.  FOURTH CAUSE OF ACTION

69. The above paragraphs are here incorporated by reference.

70. Plaintiff was subjected to racially discriminatory treatment in violation of her rights as guaranteed under the Fourteenth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

71. Plaintiff suffered injuries and damages.

### E.  FIFTH CAUSE OF ACTION

72. The above paragraphs are here incorporated by reference.

73. The Defendant City of New York and Commissioner Bratton have recklessly and with deliberate indifference failed to provide adequate training and standards and policies and practices for its police officers where, in the context of conducting a search for outstanding warrants, they only rely on a flawed computer system, and are not trained to conduct further inquiry into C.R.I.M.S.

74. Such thus leads to recklessly and deliberate indifferent inquiries which consciously avoids checking the C.R.I.M.S. database, without compromising the law enforcement mission, and leading to the arrest of individuals who are innocent of any wrongdoing and the crime or crimes of which the individual is accused and arrested.

75. The City was aware that all the aforementioned had resulted in violation of citizen's con-

stitutional rights.  Despite such notice, and even the settling of a previous lawsuits under similar facts, the City failed to take corrective action.  The failures and these policies caused the officers in the present case to violate Plaintiff's civil rights, without fear of reprisal.

76.  The policies, practices and customs herein described propelled the actions and conduct herein. Those policies, practices, and customs violated the Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

77.  The Plaintiff suffered injuries and damages.

### F.  SIXTH CAUSE OF ACTION

78. The above paragraphs are here incorporated by reference.

79.  Pursuant to and under pendent State law and pendent State claim jurisdiction and independent of the federally based claim against the Defendant City of New York, the Defendant City of New York is responsible, under State law claims, for the actions and conduct of its Defendant Officers, as employees and agents of the City of New York, pursuant to the doctrine of <u>respondeat superior</u>.

80.  The Plaintiff suffered injuries and damages.

### G.  SEVENTH CAUSE OF ACTION

81.  The above paragraphs are here incorporated by reference.

82.  The Defendant City of New York, if the City represents its Officers, uniformly and as a matter of policy and practice indemnifies its Officers for any award of both punitive damages and compensatory damages.

83. The unnamed individual Defendants are employees and agents of the City of New York and their conduct, as described, was taken in the course of their duties and functions as New York City Police Officers and, in their capacities as such, as agents and employees of the City of New York.

84. Their actions and conduct, while unlawful and unconstitutional, nonetheless were actions and conduct taken to the otherwise lawful performance of their duties and functions as agents and employees of the City of New York.

85. The Plaintiff is entitled to recover against the City of New York for the conduct of its named and unnamed Officers on his federal claims for relief under the federal claim jurisdiction pursuant to the doctrine of respondeat superior.

86. The Plaintiff suffered injuries and damages.

## H. EIGHTH CAUSE OF ACTION

87. The plaintiff incorporates by reference the allegations set forth in all previous paragraphs as if fully set forth herein.

88. Defendants, The City of New York, and Police Commissioner William J. Bratton, negligently hired, screened, retained, supervised and trained defendants. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

89. As a result of the foregoing, plaintiff was deprived of her liberty and property, experienced pain and suffering, bodily injury, emotional injury, costs and expenses, and was otherwise

damaged and injured.

## I.  NINTH CAUSE OF ACTION

90.  Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

91.  Upon information and belief, there is a warrant in the police database (Local Area Network) that causes Plaintiff to be arrested. It is a violation of Plaintiff's Constitutional Due Process that she cannot take any action to remove such warrant, which consistently threatens her with loss of liberty.

92.  Plaintiff was not given any avenue in which to clear such a warrant.  There is no adequate administrative remedy where Plaintiff can challenge the New York Police Department to remove the invalid warrant from their system, causing her loss of liberty on three occasions, at least, and continued and impending loss of liberty.

WHEREFORE and in light of the foregoing, it is respectfully requested that the Court assume jurisdiction and:

[a] Invoke pendent party and pendent claim

   jurisdiction.

[b] Award appropriate compensatory and

   punitive damages.

[c] Award appropriate declaratory and

   injunctive relief.  Defendant's unconstitutional conduct is ongoing and continues to

harm plaintiff. There is no adequate remedy at law.  Relief would include removing her name from the Local Area Network System.  It would also include revising and or updating NYPD's training or supervision Programs to educate NYPD Officers and employees about their obligation to check the more reliable C.R.I.M.S. database that provides for the last status on a Criminal Court case.  Further, to put an administrative procedure in place so that if the Clerk of the Court does not have a warrant in the C.R.I.M.S system, that if there is no valid warrant, that clear procedures be in place to remedy the invalid warrant in the NYPD LAN system.

    [d] Empanel a jury.

    [e] Award attorney's fees and costs.

    [f] Award such other and further relief as the Court deems to be in the interest of justice.

DATED: New York, New York
November 25, 2015

Respectfully submitted,

/s/ Poupa Jenny Marashi_____
POUPA JENNY MARASHI, Esq.
930 Grand Concourse, # 1E
Bronx, NY 10451
(917) 703-1742
marashi.legal@gmail.com
Attorney for Plaintiff

16